**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

RALPH REIDMILLER, an individual,          Civil Action No.:


v.


LINX LLLP, a Colorado Limited Liability
Limited Partnership.

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff Ralph Reidmiller ("Plaintiff"), by and through the undersigned attorney, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendant and in support thereof alleges the following:

**PARTIES**

1.      Plaintiff is, and at all times mentioned herein, was a Colorado resident.

2.      Upon information and belief, Defendant LINX, LLLP ("LINX") is a Colorado Limited Liability Limited.

3.      At all ties mentioned herein, LINX was an employer within the meaning of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b).

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, the ADEA, 29 U.S.C. § 621 *et seq*.

5.      Venue is appropriate in this judicial district because both Plaintiff and Defendants reside and/or do business in the District of Colorado. Venue is also proper

1

in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Colorado.

## ADMINISTRATIVE PREREQUISITES

6.     Plaintiff has complied with all the administrative prerequisites to this action under 29 U.S.C. § 626(d) as she timely filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue.  True and correct copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit 1**.

## STATEMENT OF FACTS

7.     Plaintiff is a 69-year-old IT Technician/Installer.

8.     In or around January 2018, Plaintiff was working for Rolinc, a temp agency, and was assigned to work for LINX performing work at the EPA building in downtown Denver.

9.     LINX exercised significant control over the terms of Plaintiff's employment, and therefore was a joint employer of Plaintiff along with Rolinc

10.     Plaintiff was assigned by LINX to work under Pat Zimmerman, a project manager with LINX, shortly after he began working at the EPA building.

11.     Plaintiff was the oldest employee working for LINX on the site.

12.     Very soon thereafter, Mr. Zimmerman began making derogatory comments to Plaintiff about his age in front of other workers.  Mr. Zimmerman would regularly call Plaintiff "old man" and would yell at Plaintiff "grow up old man and get to work."  Mr. Zimmerman also delighted in asking Plaintiff "are your Depends full?  Do you need to change them?" (referring to the brand of adult incontinence products).  He would also tell Plaintiff not to get his "Depends in a twist" and to "go empty your Depends."

2

13.     Plaintiff was extremely embarrassed by these comments.  He asked Mr. Zimmerman to stop on numerous occasions, and told him "enough is enough," but Mr. Zimmerman persisted.

14.     In August 2018, Plaintiff finally had enough, and went to LINX corporate office and requested to speak to someone about the situation.

15.     Plaintiff was told he could be reassigned to a different crew, but he would likely have to continue working with Mr. Zimmerman.  Plaintiff was also told that the company didn't care because Plaintiff was a temp and the company could "get another one to replace you."

16.     As a result, Plaintiff felt that he had no option but to resign from the project.

**FIRST CLAIM FOR RELIEF**
**Harassment – Hostile Work Environment**
**In Violation of 29 U.S.C. § 623**

17.     Plaintiff hereby incorporates by reference Paragraphs 1-14 above as if fully set forth herein.

18.     Plaintiff was subjected to several incidents of harassment stemming from age-related animus.

19.     Plaintiff was embarrassed, horrified, and disturbed by this conduct.

20.     This conduct was sufficiently severe and pervasive as to alter the terms and conditions of Plaintiff's employment by creating an abusive work environment

21.     LINX failed to take reasonable steps to prevent or correct this harassing conduct.

22.     As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages,

earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

23.    It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

**SECOND CLAIM FOR RELIEF**
**Constructive Discharge**
**In Violation of 29 U.S.C. § 623**

24.    Plaintiff hereby incorporates by reference Paragraphs 1-22 above as if fully set forth herein.

25.    The age-related harassment described above, and LINX's response to his complaints of that harassment, made Plaintiff's working conditions so difficult that he felt he had no option but to resign from the project.

26.    A reasonable person in Plaintiff's position would also feel compelled to resign.

27.    As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

28.    It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ralph Reidmiller requests judgment and damages against Defendant as follows:

4

a.      Compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

b.      Punitive or exemplary damages;

c.      Reasonable attorney fees and costs as provided by 29 USC §§ 216(b), 626(b);

d.      Pre- and post-judgment interest on any awards at the highest rate allowed by law; and

e.      Such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

**PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW**

Dated: September 13, 2019

/s/ Hillary R. Ross
Hillary R. Ross
THE BOURASSA LAW GROUP
1099 18th St.
Suite 2880
Denver, CO 80238
Tel:  (303) 331-6186
Fax: (303) 331-6188
hross@blgwins.com
*Attorney for Plaintiff*

5

# EXHIBIT 1
## Notice of Right to Sue

## Notice of Right to Sue
# EXHIBIT 1

OC Form 161 (1/08)

RECEIVED
JUN 17 2019
BY:

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Ralph Reidmiller
1090 Miller St.
Wheat Ridge, CO 80215

From:  Denver Field Office
303 East 17th Avenue
Suite 410
Denver, CO 80203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **541-2019-01967** | Chris Padilla, Supervisory Investigator | (303) 866-1336 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Amy  Burkholder,
**Field Office Director**

JUN 14 2019

*(Date Mailed)*

Enclosure(s)